**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JANNA ZEHREN, Individually, and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SE2, LLC,<br><br>*Defendant.* | ) | Case No. 5:25-cv-4121-KHV-ADM |

**ANSWER**

Defendant SE2, LLC ("Defendant" or "SE2") hereby files this Original Answer to Plaintiff Janna Zehren's ("Plaintiff") "Amended Collective Action Complaint with Jury Demand" ("Amended Complaint") (Doc. 25) and states as follows:

**RESPONSE TO "INTRODUCTION"**

1. SE2 admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 216(b). Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 1.

2. SE2 admits that it uses titles including Account Services Representative ("ASR") to refer to Contact Center agents. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 2.

3. SE2 denies all allegations contained in Paragraph 3.

4. SE2 admits that ASR jobs are hourly, non-exempt positions that pay more than the federally mandated minimum wage.

5. SE2 admits that SE2 employed Plaintiff as an hourly Contact Center employee with the job title of "Account Service Representative."

6. SE2 lacks knowledge or information sufficient to form a belief about the matters alleged in the first sentence of Paragraph 6 that reads "[t]he United States Department of Labor ('DOL') recognizes that call center jobs, like those held by Defendant's ASRs, are homogenous[.]" SE2 admits that the Department of Labor issued Fact Sheet #64, revised July 2008; as a writing, the referenced Fact Sheet speaks for itself. To the extent a response is required, SE2 denies the characterization of DOL Fact Sheet #64 in Paragraph 6.

7. SE2 denies all allegations contained in Paragraph 7.

8. The allegations set forth in Paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, SE2 denies the characterization of DOL Fact Sheet # 64 in the first sentence of Paragraph 8. SE2 admits that the language quoted in Paragraph 8 recites a portion of the text appearing in DOL Fact Sheet # 64, which speaks for itself.

9. SE2 denies all allegations contained in Paragraph 9.

10. SE2 denies all allegations contained in Paragraph 10.

11. SE2 denies all allegations contained in Paragraph 11.

12. SE2 denies all allegations contained in Paragraph 12.

## RESPONSE TO "JURISDICTION AND VENUE"

13. The allegations set forth in Paragraph 13 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that the Court has subject matter jurisdiction over Plaintiff's FLSA claim because this is a civil action arising under the laws of the United States. 28 U.S.C. § 1331.

14. The allegations set forth in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that the language quoted in

Paragraph 14 recites a portion of the text appearing in 29 U.S.C. § 216(b), which speaks for itself. Except as expressly admitted, SE2 denies all remaining allegations in Paragraph 14.

15. The allegation set forth in the first clause of Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is required, SE2 denies all allegations contained in Paragraph 15.

16. SE2 admits that SE2's annual sales exceed $500,000 and that it has more than two employees. The remaining allegations set forth in Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that it is an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 203(s)(1).

17. SE2 admits that it "simultaneously operates in multiple states and has done so throughout the time period relevant to the instant claims," which is allegedly three years preceding the filing of Plaintiff's Original Complaint.

18. SE2 admits that "ASRs, including Plaintiff, engage in interstate commerce (regular and recurrent interstate communications, among other things)[.]" The remaining allegation set forth in Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, SE2 admits that the FLSA may apply on an individual basis to ASRs who engaged in commerce or engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

19. The allegation set forth in Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, SE2 denies all allegations contained in Paragraph 19.

20. SE2 admits that venue is proper in the District of Kansas. SE2 admits that it employs ASRs in the District of Kansas, conducts business in the District of Kansas, and that a

substantial portion of the alleged events that give rise to Plaintiff's purported claims occurred in the District of Kansas.

21. SE2 admits that SE2 maintains its principal office in the District of Kansas. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 21.

**RESPONSE TO "PARTIES"**

22. SE2 admits that Plaintiff Janna Zehren is a citizen of Oklahoma.

23. SE2 admits that Plaintiff was employed by SE2 as an hourly ASR from approximately October 24, 2022, until June 26, 2025. SE2 denies that Plaintiff was employed as an ASR through June 27, 2025.

24. SE2 admits that it is a Kansas limited liability company. SE2 admits that Exhibit A attached to the Amended Complaint identifies "600 Steamboat Road, Suite 105, Greenwich, CT 06830" as SE2's "Principal Office Address;" as a writing, the referenced document speaks for itself. To the extent a response is required, SE2 denies all remaining allegations contained in Paragraph 24.

25. The allegations set forth in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, SE2 denies all allegations contained in Paragraph 25.

26. SE2 denies all allegations contained in Paragraph 26.

27. SE2 denies all allegations contained in Paragraph 27.

28. SE2 denies all allegations contained in Paragraph 28.

29. SE2 denies all allegations contained in Paragraph 29.

30. SE2 denies all allegations contained in Paragraph 30.

31. SE2 denies all allegations contained in Paragraph 31.

32. SE2 denies all allegations contained in Paragraph 32.

33. SE2 lacks knowledge or information sufficient to form a belief as to the allegation in Paragraph 33 because it is vague. To the extent that a response is required, SE2 denies the allegation as stated.

34. SE2 denies all allegations contained in Paragraph 34.

35. SE2 admits that the language quoted in Paragraph 35 appeared on https://zinnia.com as of August 19, 2025, and as a writing, it speaks for itself.

36. SE2 denies all allegations contained in Paragraph 36.

37. SE2 admits that it has employed ASRs, including Plaintiff, to assist customers with customer service needs. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 37.

## RESPONSE TO "GENERAL ALLEGATIONS"

38. SE2 admits that "ASRs are typically paid at a rate of approximately $13.00 to $25.00 per hour."

39. SE2 denies that Plaintiff "was most recently paid $18.00 per hour."

40. SE2 admits that "ASRs are mostly employed on a full-time basis[.]" Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 40.

41. SE2 denies all allegations contained in Paragraph 41.

42. SE2 admits that prior to being hired, ASRs receive offers from SE2 setting forth the offered rate of pay. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 42.

43. SE2 admits that Plaintiff received an offer from SE2 to serve as an Account Services Representative I. SE2 lacks knowledge or information sufficient to form a belief about

the truth of what Plaintiff understood regarding her base wage rate or what was promised. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 43.

44. The allegations set forth in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, SE2 denies the allegations contained in Paragraph 44.

45. SE2 admits the allegations contained in Paragraph 45.

46. SE2 denies all allegations contained in Paragraph 46.

47. SE2 lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Plaintiff accepted Defendant's offer to serve as an ASR with the understanding that her base wage rate, would be paid as promised, for all hours worked" as alleged in Paragraph 47.

48. SE2 admits that "ASRs are taught, *inter alia*, how to open and use Defendant's computer networks and software programs/applications; how to track their time in Defendant's timekeeping system[.]" Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 48.

49. SE2 denies all allegations contained in Paragraph 49.

50. SE2 denies all allegations contained in Paragraph 50.

51. SE2 denies all allegations contained in Paragraph 51.

52. SE2 denies all allegations contained in Paragraph 52.

53. SE2 denies all allegations contained in Paragraph 53.

54. SE2 admits that some programs and applications may be integral and an important part of ASRs' work. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 54.

55. SE2 denies all allegations contained in Paragraph 55.

56. SE2 admits that Plaintiff and other ASRs "boot up and log in to various computer networks, software programs, and applications" to perform their job functions. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 56.

57. SE2 denies all allegations contained in Paragraph 57.

58. The allegations set forth in Paragraph 58 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that the cited cases contained in Paragraph 58 speak for themselves. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 58.

59. SE2 denies all allegations contained in Paragraph 59.

60. SE2 denies all allegations contained in Paragraph 60.

61. SE2 denies all allegations contained in Paragraph 61.

62. SE2 admits that it "possesses, controls, and/or has access to information and electronic data indicating the times Plaintiff" logged into her "telephone system." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 62.

63. SE2 admits that in some, but not all circumstances, it "possesses, controls, and/or has access to information and electronic data indicating when" ASRs may "experience down time due to technical issues." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 63.

64. SE2 denies all allegations contained in Paragraph 64.

65. SE2 denies all allegations contained in Paragraph 65.

66. SE2 denies all allegations contained in Paragraph 66.

**RESPONSE TO "A. Pre-Shift Off-the-Clock Work"**

67. SE2 admits that ASRs, including Plaintiff, "start up and log into various secure computer networks and software programs/applications in order to access information." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 67.

68. SE2 admits that in order to perform their jobs, Plaintiff and other ASRs were required to turn on their computers. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 68.

69. SE2 denies all allegations contained in Paragraph 69.

70. SE2 denies all allegations contained in Paragraph 70.

71. SE2 denies all allegations contained in Paragraph 71.

72. SE2 denies all allegations contained in Paragraph 72.

73. SE2 denies all allegations contained in Paragraph 73.

**RESPONSE TO "B. Mid-Shift Off-the-Clock Work"**

74. SE2 admits that it provides ASRs at least one thirty-minute meal period each eight-hour shift. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 74.

75. The allegations set forth in Paragraph 75 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that Paragraph 75 recites a portion of the text found in 29 C.F.R. § 785.19(a), which speaks for itself.

76. SE2 denies all allegations contained in Paragraph 76.

77. SE2 denies all allegations contained in Paragraph 77.

78. SE2 denies all allegations contained in Paragraph 78.

79. SE2 denies all allegations contained in Paragraph 79.

**RESPONSE TO "C. Technical Down Time"**

80. SE2 denies all allegations contained in Paragraph 80.

81. SE2 admits that depending on the circumstances, it may be aware of time an ASR may "spend experiencing technical difficulties and working to resolve those difficulties." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 81.

**RESPONSE TO "D. Post-Shift Off-the-Clock Work"**

82. SE2 denies all allegations contained in Paragraph 82.

83. SE2 denies all allegations contained in Paragraph 83.

84. The allegations set forth in Paragraph 84 contain legal conclusions to which no response is required. To the extent a response is required, SE2 denies all allegations contained in Paragraph 84.

**RESPONSE TO "E. The Off-the-Clock Work Results in Viable 'Gap Time' Claims"**

85. The allegations set forth in Paragraph 85 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that the authorities cited in Paragraph 85 speak for themselves. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 85.

86. SE2 denies all allegations contained in Paragraph 86.

87. SE2 denies all allegations contained in Paragraph 87.

**RESPONSE TO "F. Defendant Benefitted from the ASRs' Off-the-Clock Work"**

88. SE2 denies all allegations contained in Paragraph 88.

89. SE2 denies all allegations contained in Paragraph 89.

90. SE2 denies all allegations contained in Paragraph 90.

91. The allegations set forth in Paragraph 91 contain legal conclusions to which no response is required. To the extent a response is required, SE2 denies all allegations contained in Paragraph 91.

92. SE2 denies all allegations contained in Paragraph 92.

93. SE2 denies all allegations contained in Paragraph 93.

94. SE2 denies all allegations contained in Paragraph 94.

95. SE2 denies all allegations contained in Paragraph 95

96. SE2 denies all allegations contained in Paragraph 96.

97. SE2 denies all allegations contained in Paragraph 97.

98. SE2 denies all allegations contained in Paragraph 98.

99. SE2 admits that it is in "possession of the payroll and timekeeping records for Plaintiff" and admits that such records will demonstrate "which weeks Plaintiff worked over forty (40) hours" and "which weeks worked under forty (40) hours." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 99.

100. SE2 denies all allegations contained in Paragraph 100.

101. SE2 denies all allegations contained in Paragraph 101.

**RESPONSE TO "COLLECTIVE ACTION ALLEGATIONS"**

102. SE2 admits that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 102 and in footnote 2 of Paragraph 102.

103. SE2 denies all allegations contained in Paragraph 103.

104. SE2 denies all allegations contained in Paragraph 104.

105. SE2 denies all allegations contained in Paragraph 105.

106. SE2 denies all allegations contained in Paragraph 106 and all subparts of Paragraph 106.

107. SE2 admits that it is aware of the overtime requirements applicable to non-exempt employees under the FLSA. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 107.

108. SE2 denies all allegations contained in Paragraph 108.

109. SE2 denies all allegations contained in Paragraph 109.

110. SE2 denies all allegations contained in Paragraph 110.

111. SE2 denies all allegations contained in Paragraph 111.

112. SE2 denies all allegations contained in Paragraph 112.

113. SE2 denies all allegations contained in Paragraph 113.

114. SE2 lacks knowledge or information sufficient to form a belief about the truth of what Plaintiff may estimate. To the extent a response is required, SE2 denies all allegations contained in Paragraph 114.

115. SE2 lacks knowledge or information sufficient to form a belief as to whether the "precise number should be readily available from a review of Defendant's personnel and payroll records." To the extent a response is required, SE2 denies all allegations contained in Paragraph 115.

116. SE2 lacks knowledge or information sufficient to form a belief as to whether "[a]ll of the estimations discussed herein will be refined after class discovery is completed." To the extent a response is required, SE2 denies all allegations contained in Paragraph 116.

**RESPONSE TO "COUNT I - FLSA COLLECTIVE ACTION (OVERTIME)"**

117. SE2 re-asserts and incorporates by reference all of its previous answers as if fully set forth herein.

118. The allegation set forth in Paragraph 118 is a legal conclusion to which no response is required. SE2 lacks knowledge or information sufficient to be able to admit or deny Paragraph 118 because it is unclear what specific "mandates" of the FLSA are referenced in Paragraph 118. To the extent a response is required, SE2 denies the allegation in Paragraph 118.

119. The allegations set forth in Paragraph 119 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that it has been engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 119.

120. The allegation set forth in Paragraph 120 is a legal conclusion to which no response is required. To the extent a response is required, SE2 admits that Plaintiff was an "employee" of SE2 within the meaning of the FLSA. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 120.

121. The allegations set forth in Paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that Plaintiff was a non-exempt employee. SE2 lacks knowledge or information sufficient to be able to admit or deny the allegations in Paragraph 121 concerning potential "FLSA Collective members." Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 121.

122. SE2 admits that Plaintiff was engaged in commerce and was employed in an enterprise engaged in commerce. Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 122.

123. The allegations set forth in Paragraph 123 consist of legal conclusions to which no response is required. To the extent a response is required, SE2 admits that Plaintiff was employed by SE2. SE2 lacks knowledge or information sufficient to be able to admit or deny the allegations in Paragraph 123 concerning "all similarly situated current and former employees[.]" Except as expressly admitted, SE2 denies all remaining allegations contained in Paragraph 123.

124. SE2 denies all allegations contained in Paragraph 124.

125. SE2 denies all allegations contained in Paragraph 125.

126. SE2 denies all allegations contained in Paragraph 126.

127. SE2 admits that Plaintiff's Exhibit B attached to the Amended Complaint is a writing that speaks for itself. To the extent a response is required, SE2 admits that "in the work period 5/19/25 to 6/1/25, Plaintiff worked over 40 hours in one of the workweeks" and was properly compensated at a rate not less than time and one-half her regular rate of pay for all such hours worked.

128. SE2 denies all allegations contained in Paragraph 128.

129. SE2 denies all allegations contained in Paragraph 129.

130. SE2 denies all allegations contained in Paragraph 130.

131. SE2 denies all allegations contained in Paragraph 131.

132. SE2 denies all allegations contained in Paragraph 132.

133. The allegations set forth in Paragraph 133 contain legal conclusions to which no response is required. To the extent a response is required, SE2 admits that Paragraph 133 recites incomplete references to certain remedies that may be available under the FLSA. Except as expressly admitted, SE2 denies all allegations in Paragraph 133 and denies that Plaintiff is entitled to any relief.

Answering the paragraph beginning "WHEREFORE" in the Amended Complaint, SE2 denies that Plaintiff is entitled to any of the relief or orders identified under the last paragraph of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. As for separate and affirmative defenses and avoidances to the Amended Complaint, SE2 alleges as follows; provided however, that by alleging the matters set forth in these defenses, SE2 does not thereby allege or admit that it has the burden of proof or persuasion with respect to any of these matters.

### First Affirmative Defense
### (Statute of Limitations)

2. SE2 asserts that Plaintiff's FLSA claims, and any claims alleged by putative opt-in plaintiffs, are barred, in whole or in part, by the applicable two- and three-year statute of limitation. 29 U.S.C. § 255.

### Second Affirmative Defense
### (Good Faith)

3. SE2 asserts that Plaintiff is not entitled to recover liquidated damages. To the extent that any of SE2's alleged acts or omissions are found to be in violation of the FLSA, those alleged actions were taken in good faith and based upon reasonable grounds for believing that such acts or omissions were not violations of the FLSA. 29 U.S.C. § 260.

### Third Affirmative Defense
### (Estoppel)

4. SE2 asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel. Plaintiff failed to accurately report all hours she allegedly worked, did not notify SE2 of her hours worked, and/or purposely prevented SE2 from acquiring knowledge of her alleged overtime work, depriving SE2 of knowledge of Plaintiff's alleged actual hours.

**Fourth Affirmative Defense**
**(*De minimis* rule)**

5. SE2 asserts that Plaintiff's claims are barred, in whole or in part, by the *de minimis* rule. To the extent Plaintiff seeks recovery for insubstantial or insignificant periods of time, which could not as a practical administrative matter be precisely recorded for payroll purposes, such intervals are non-compensable and may be disregarded. *See* 29 C.F.R. § 785.47.

6. SE2 reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

**WHEREFORE**, Defendant SE2, LLC, prays for judgment as follows:

a. That Plaintiff takes nothing by the Amended Complaint against Defendant;

b. That the Amended Complaint be dismissed with prejudice;

c. That Defendant recover its reasonable expenses and costs herein; and

d. For such other and further relief as the Court deems just and proper.

Dated: January 7, 2026

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: /s/ *William X. King*
Thomas F.A. Hetherington*
Texas State Bar No. 24007359
William X. King (admitted *pro hac vice*)
Texas State Bar No. 24072496

1001 Fannin, Suite 2400
Houston, Texas 77002
Tel.: (713) 337-5580
Fax: (713) 337-8850
Tom.Hetherington@mhllp.com
William.King@mhllp.com

*-and-*

**SANDERS WARREN & RUSSELL LLP**

By: /s/ *Casey O. Housley*
Casey O. Housley
Kansas State Bar No. 17665

11225 College Blvd., Suite 450
Overland Park, Kansas 66210
Tel.: (913) 234-6123
Fax: (913) 234-6199
c.housley@swrllp.com
**ATTORNEYS FOR DEFENDANT SE2, LLC**
* *Pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on January 7, 2026.

Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Fourth Floor
Plantation, FL 33324
Tel.: (954) 967-5377
afrisch@forthepeople.com

*-and-*

E.J. Fink
Morgan & Morgan, P.A.
199 Water St., Suite 1700
New York, NY 10038
Tel.: (475) 204-3101
ephraim.fink@forthepeople.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *Casey O. Housley*
Attorney for Defendant